HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDUSTRIAL KILN & DRYER GROUP, INC., a Kentucky corporation,<br><br>Plaintiff,<br><br>v.<br><br>ASH GROVE CEMENT COMPANY, a Delaware corporation,<br><br>Defendants. | NO. 2:23-cv-00814-KKE<br><br>**STIPULATED DISCOVERY PROTOCOL & CONFIDENTIALITY AGREEMENT** |

In accordance with the Parties' Combined Joint Status Report and Discovery Plan (Docket No. 11) as entered and ordered by the Court on July 18, 2023, Plaintiff Industrial Kiln & Dryer Group, Inc. ("IKD") and Defendant Ash Grove Cement Company ("Ash Grove") hereby enter into the below Stipulated Discovery Protocol and Confidentiality Agreement ("Order"). IKD and Ash Grove shall hereafter be collectively referred to as the "Parties". If and when signed by the Court, the following procedures and provisions shall govern discovery in the above-captioned matter (the "Action"). The Parties reference and incorporate, with certain

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

modifications as appropriate for the Action and anticipated discovery, the Court's Model Agreement regarding Discovery of Electronically Stored Information ("ESI").

### I. Discovery Protocol: Hard Documents and Electronically Stored Information

The Parties stipulate and agree that the following principles and procedures shall govern the Parties' productions of hard documents and ESI, in addition to any tangible items (collectively referred to as the "Discovery") in this Action.

**1. Collections.**

Parties must perform Discovery collections in this Action in a manner in accordance with Federal Rule of Civil Procedure ("FRCP") 34(b)(2)(E).

**2. Hard Documents.**

The Parties agree to produce electronic images of hard copy documents, or will provide the other with the opportunity to inspect hard copy documents subject to a meet and confer regarding the facts and circumstances of producing such hard copy documents. Parties are not required to produce hard copy documents if electronic versions of the hard copy document exists and has or will be produced. Each document's electronic image shall convey the same information as the original native document. Documents that present imaging or formatting problems shall be made available for review in their original format and, if copying or scanning of same is requested, the Parties shall work cooperatively to determine how best to image and format same.

**3. Electronically Stored Information ("ESI").**

A. **General Principles.** Paragraphs A(1) & (2) of the Court's Model ESI Agreement are incorporated herein and the Parties agree to be bound by them.

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 2

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**B.     ESI Disclosures.**  The Parties, within 15 days of the date of this Order, shall disclose to one another the following:

    1.     <u>Custodians.</u>   The custodians most likely to have discoverable ESI in their possession, custody, or control.  The custodians shall be identified by name and title, if known.

    2.     <u>Non-Custodial Data Sources</u>.  A list of non-custodial data sources likely to contain discovery ESI.  Such sources may include, but not be limited to, electronically stored project files, servers, and drives.

    3.     <u>Inaccessible Data</u>.  A list of all data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under FRCP 26(b)(2)(B).

    4.     <u>Foreign Data Privacy Laws.</u> Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws; for example, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The Parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.  At the time of this Order, the Parties do not anticipate any ESI or other discovery being subject to foreign data privacy laws.

The Parties agree to work in good faith to identify and agree to obtain all potentially relevant ESI in the Action, and shall meet and confer (via telephone at least once) before filing any related discovery motion with the Court with respect to paragraphs 3(B)(1)-(4) above.

**C.     ESI Discovery Procedures.**

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1. <u>On-site inspection of electronic media.</u>  Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the Parties.

2. <u>Search methodology.</u>  The Parties, within 30 days of the date of this Order, shall meet and confer regarding any appropriate search terms and qualifiers, file types and date restrictions or ranges, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort to harvest and produce ESI is undertaken by either Party.  The Parties shall continue to cooperate in revising the appropriateness of any search methodology used, even after initial harvesting.  This includes, but is not limited to, additional custodians or date qualifiers, that may be needed to obtain all potentially relevant ESI in the Action.  Requests for additional custodians must be made no later than 60 days prior to discovery cutoff unless the Parties stipulate otherwise or otherwise stipulate to extend the discovery cutoff.  With respect to search terms, the Parties expressly agree to apply qualifiers, expanders, and commands, limiters, and connectors to the extent necessary to obtain all potentially relevant ESI, while being mindful of the burdens significant and overly broad ESI imposes on the parties.

    a. Prior to production:  Once any appropriate search terms and qualifiers are agreed upon, and prior to production, the Parties agree to provide the total volume or hits with respect to each custodian or data source to be harvested.

    b. After review of initial productions, the Parties agree to engage in the meet and confer to discuss search terms and qualifiers as necessary to obtain all potentially

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

relevant ESI, while being mindful of the burdens significant and overly broad ESI discovery imposes on the Parties.

      3.    <u>Format.</u>    The Parties agree on the following format for the production of ESI:

      a.    The Parties agree that ESI will be produced to the requesting party in accordance with the specifications identified in <u>Exhibit A</u>, with searchable text consisting of extracted text for native files and OCR for images.  Acceptable image formats include multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), single-page JPG or JPEG files, and searchable PDFs. All imaged productions must be accompanied by the load file specifications identified in Exhibit A**.**  Color-for-color images are preferred. If a color image is produced in black and white, each party reserves the right to request the producing party to produce the original color image. "Email Portfolio" productions (i.e. exporting email collections via Adobe Acrobat portfolio tools) are not an acceptable format of production.

      b.    Unless otherwise agreed to by the Parties, files that are not easily converted to image format (such as spreadsheets, database, video, audio, drawing or proprietary files), or relevant but otherwise non-convertible files (corrupted, password protected files), shall be produced in native format defined in <u>Exhibit A</u> or with an imaged slip sheet and metadata defined under <u>Exhibit A</u>.  Excel files shall be produced natively, except if redacted.  The Parties agree to timely discuss any issues with providing the metadata fields noted in <u>Exhibit A</u> to the extent they arise with respect to any production(s) in this Action.

| STIPULATED DISCOVERY PROTOCOL<br>& CONFIDENTIALITY AGREEMENT<br>CASE NO. 2:23-CV-00814 - 5 | **GORDON REES SCULLY<br>MANSUKHANI, LLP**<br>701 5th Avenue, Suite 2100<br>Seattle, WA  98104<br>Telephone: (206) 695-5100<br>Facsimile: (206) 689-2822 |
|---|---|

      c.      Imaged documents shall be branded with page-level unique number (Bates Numbers). Each document image file shall be named using the beginning Bates Number. File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

      d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**D.  Preservation of ESI.**

The Parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the Parties agree as follows:

    1.    Absent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the Parties shall preserve all discoverable ESI in their possession, custody, or control.

    2.    The Parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

The Parties agree to confer and work to produce other potentially relevant ESI, including text messages or photos stores on custodians' cell phones, to the extent they exist and as possible.

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

4. The Parties FURTHER agree as follows with respect to the preservation of ESI and Hard Documents:

a. Original Documents. The producing Party shall retain the original hard-copy and native source documents in their original format (however, the original hardware does not have to be kept) for all documents produced in this proceeding. The producing Party shall make reasonable efforts to maintain the original native electronic source documents in a manner so as to preserve the "metadata" associated with these electronic materials in the event review of such metadata becomes necessary. If the review of original documents becomes necessary, the Parties will meet and confer regarding the process for such review.

b. Production of Other Electronic Documents: Certain types of files, such as system, program, video and sound files, may not be amendable to conversion into anything meaningful in either its native file format or in image format. In general, non-convertible files will be produced as a native file with a placeholder image.

**E.    Privilege.**

1. The producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).

2. The Parties agree to the following with respect to claims of privilege for electronic documents, or ESI:

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Responsive documents that are not produced or redacted on the basis of claims of privilege will be identified in a log that will be produced to the non-producing Party, which will contain the following information:

    a.    From: Lists the contents of the "From" field of the email, or the author/custodian field of a document;

    b.    To: Lists the contents of the "To" field of the email;

    c.    CC: Lists the contents of the "CC" (carbon copy) field of the email;

    d.    BCC: Lists the contents of the "BCC" (blank carbon copy) field of the email;

    e.    Date: Lists the date the email was sent, or the date the document was last modified;

    f.    Identification of Attachment(s): Identifies whether the attachment(s) to an email are claimed to be privileged to the extent that it does not disclose any privilege;

    g.    Custodian: Identifies the individual or source the document was obtained from; and

    h.    Privilege Description: Sufficient information as to the nature of the document or email

    i.    Basis for Claim of Privilege: States the nature of the privilege(s) asserted (e.g. attorney-client privilege, work-product privilege)

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

j.       Document Production Number: With respect to partially-redacted document(s), the parties agree to include on any corresponding privilege log the production number for said document(s).

3.       The privilege log(s) will be provided to the non-producing Parties no later than 30 days after the date of the document production/Discovery to which the privilege log(s) relates.  In no event shall any production log(s) be produced later than 30 days prior to the date for filing motions related to discovery.

4.       The Parties agree to produce all non-privileged members of an email family if any one member of the family is responsive to the requesting Party's document requests subject to and without waiver of the producing Party's objections to such requests.  To the extent that a parent email or an attachment is determined to be privileged, the non-privileged portion of its family shall be produced, with a control-numbered slip-sheet .TIFF image in place of the privileged record that was withheld and logged as set forth in this section.  To the extent an email or document can be redacted and produced, rather than withheld, the Parties agree to do so.  Redactions shall be obvious.

5.       With respect to privilege or work-product information generated by or sent to/from counsel, with no other third-parties copied, on or after the filing of Industrial Kiln's original Complaint (*see* ECF No. 1, dated May 31, 2023), the Parties are not required to include any such information in their respective privilege log(s).

6.       Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 10

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

7. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection

8. **Inadvertent Production of Protected Documents.** Information produced in discovery in this Action that is protected under an applicable privilege shall be immediately returned to the producing Party, and its production shall not constitute a waiver of such protection. If a Party learns that privileged material has been inadvertently produced, the producing Party shall notice, in writing, the non-producing Party of that inadvertent production. Upon receipt of said notice, the non-producing Party shall promptly destroy or return the privileged material to the producing Party, and shall not use the privileged material for any purpose other than to file a motion to the Court to compel production of the privileged material to the extent the non-producing Party disagrees with the producing Party's designation of the material as privileged. The motion shall not assert the facts or circumstances surrounding the inadvertent production as grounds for compelling production.

9. **Deduplication and System File Removal.** The Parties may de-duplicate their ESI production(s) via MD5 Hash across all data sources.

10. **Production Media.** The producing Party shall produce documents on an external hard drive, or such other readily accessible computer or electronic media (the

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 11

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

"Production Media"), including by posting to a secure file transfer site. Information that shall be identified on the physical Production Media or included on a transmittal provided with the Production Media, shall include: (1) the names or case numbers of the cases in which it is produced, (2) the producing Party's name, (3) the production date, (4) the production volume and (5) the Bates Number range(s) of the materials on the Production Media.

The Parties do not make any representation regarding the admissibility of evidence falling with the scope of this Agreement and hereby expressly reserve and do not waive any objections or defenses they may have. Unless otherwise stipulated or ordered by the Court, each Party will bear its own costs with respect to common ESI collection, production, and review of Discovery in this Action.

## II.   Confidentiality & Protective Agreement

The Parties recognize that that their pursuit of the claims and defenses at issued in this Action may require the disclosure of discovery material, including hard documents and ESI, or other tangible items ("Discovery"), that may be, in whole or in part, confidential, highly confidential, and/or business sensitive (collectively referred to as "Confidential Material"). The Parties desire to maintain the confidentiality of all Discovery material, including Confidential Material, and therefore agree that Discovery in this Action shall be given the following protections.

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 12

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**A.      Treatment of All Discovery Material as Confidential and Further Designation of Material for Attorneys' Eyes Only.**

1.      All Discovery Material in this Action shall be treated as Confidential and only disclosed and used for purposes of this Action.

2.      Any Party or third-party subject to discovery in this Action may, in good faith, further designate any Discovery, including any transcript of testimony thereof, as ATTORNEYS' EYES ONLY ("AEO") material.

3.      A Party may designate Discovery as ATTORNEYS' EYES ONLY by (i) providing written notice to the opposing Party; (ii) making a statement to that effect on the record of any proceeding; or (iii) stamping the Discovery Material as "ATTORNEYS' EYES ONLY" and/or "AEO" on each page containing Confidential Material.  The mere production of Discovery material does not waive a Party's right to subsequently designate that Discovery material as ATTORNEYS' EYES ONLY material.

4.      A Party shall not be obligated to challenge the propriety of the designation of Discovery as ATTORNEYS' EYES ONLY at the time made, and failure to do so shall not preclude a later challenge thereof.  A Party that challenges such a designation shall give notice to the other Party and attempt, in good faith, to resolve any challenge on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, the Party seeking further disclosure may apply for an appropriate ruling from the Court.  The Discovery

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 13

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

material shall continue to be treated as ATTORNEYS' EYES ONLY pending a ruling on the challenge.

**B.     Disclosure of Attorneys' Eyes Only Material.**

1. Confidential Discovery Material designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person except:

> (a) Outside litigation counsel of record in this Action for any Party, including their employees and independent contractors counsel, including secretaries, legal assistants, and internal copying and electronic discovery support services;
>
> (b) Court reporters employed in connection with this Action;
>
> (c) Outside legal support services for this Action, such as electronic discovery vendors, graphics or design consultants retained to prepare demonstrative or other exhibits, hearing consultants and persons employed by them, document imaging and database services, and other similar legal vendors retained to assist counsel in this matter;
>
> (d) Experts retained or formally consulted by the Parties in this Action, whether or not ultimately called to testify; and
>
> (e) The Court, including its clerk, court reporters, court administration, and any other necessary Court support staff as Judge Evanson deems appropriate or necessary.

2. In addition to Paragraph B(1) above, the Parties may also disclose any Discovery material designated as "ATTORNEYS' EYES ONLY" to a witness in this Action who authored or received that Discovery material. For purposes of depositions, the deposing Party shall also be permitted to question any fact witness about Discovery containing ATTORNEYS' EYES ONLY designated Discovery material to the extent that the witness testifies that he or she has seen that Discovery material.

3. Prior to the disclosure of any Discovery designated as "ATTORNEYS' EYES ONLY", or within five (5) business days of the date of this Order as deemed practicable by the Parties' discovery vendors with respect to their first Discovery productions in this Action, the

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 14

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

individuals identified in Paragraphs B(1)(c) and (d) above shall sign an acknowledgement in the form of <u>Exhibit B</u> hereto to maintain the confidentiality of Discovery material and to comply with the additional restrictions concerning "ATTORNEYS' EYES ONLY" material.  Such signed agreements shall be maintained by the producing Party and shall be provided to counsel for the non-producing Party in this action on a good faith showing of a reasonable belief that this Agreement has been violated.

**C.     Effect and Enforcement.**

1. Nothing in this Agreement shall (a) affect or restrict the right of a Party to disclose its own Discovery material, including any Confidential Material designated as "ATTORNEYS' EYES ONLY"; (b) impose any restrictions on the use or disclosure of Discovery material designated as Confidential Material that has been lawfully obtained by a Party independently of this Action/Court proceedings; or (c) preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Material as that Party may consider appropriate.

2. This Agreement shall be interpreted and governed according to the laws of the State of Washington.

3. The provisions of this Agreement shall, absent subsequent written agreement of the Parties or further order of the Court, continue to be binding throughout and after the conclusion of this Action.  In the event of a violation of any term of this Agreement, the aggrieved Party may apply to obtain injunctive relief or additional relief as may become necessary to protect against any violation of any of term of this Agreement.  If Confidential Material and/or ATTORNEYS' EYES ONLY Discovery material is disclosed in violation of

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 15

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

this Order, the Party learning of such disclosure shall, within a reasonable time, inform the Party that disclosed such Confidential Material and/or Discovery of all pertinent facts relating to the disclosure, and shall make reasonable efforts to prevent any further disclosure.

4. Within ninety (90) days after the final disposition of this Action, whether by settlement, Judgment, or otherwise, all persons listed in Paragraph B(1) who received Confidential Material designated "ATTORNEYS' EYES ONLY" shall return to counsel of the designating Party or destroy all such Discovery. Counsel of record shall make reasonable efforts to ensure that any experts and outside legal vendors it has retained abide by this provision. Outside counsel for the Parties shall be entitled to retain Court papers, depositions and hearing transcripts, and attorney work product and all exhibits to any of the foregoing that contain or reflect Confidential Material, including ATTORNEYS' EYES ONLY Material, provided that counsel shall maintain the confidentiality thereof and shall not disclose any Confidential Material contained in such papers, or attorney work product or exhibits thereto, to any person except pursuant to court order or agreement of the designating Party.

SO ORDERED this 12th day of February, 2024.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge

STIPULATED DISCOVERY PROTOCOL
& CONFIDENTIALITY AGREEMENT
CASE NO. 2:23-CV-00814 - 16

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  RESPECTFULLY SUBMITTED this 6th day of February, 2024.

2 

3                                       GORDON REES SCULLY MANSUKHANI, LLP

4                                       By: */s/ Meredith L. Thielbahr*

5                                            Meredith L. Thielbahr WSBA # 41746
                                          William M. Hughbanks WSBA #45562

6                                            Attorneys for Plaintiff
                                          701 5th Avenue, Suite 2100

7                                            Seattle, WA 98104, (206) 695-5100
                                          mthielbahr@grsm.com

8                                            whughbanks@grsm.com

9                                       AHLERS CRESSMAN & SLEIGHT, PLLC

10 

11                                      By:     *s/Lindsay Watkins*
                                         Lindsay Watkins, WSBA #43012

12                                          Margarita M. Kutsin, WSBA #56092
                                         Attorneys for Defendant

13                                          1325 Fourth Avenue, Suite 1850
                                         Seattle, WA 98101

14                                          (206) 287-9900
                                         lindsay.watkins@acslawyers.com

15                                          margarita.kutsin@acslawyers.com

16

17

18

19

20

21

22

23

24

25

26  STIPULATED DISCOVERY PROTOCOL                                        **GORDON REES SCULLY**
         & CONFIDENTIALITY AGREEMENT                                **MANSUKHANI, LLP**
         CASE NO. 2:23-CV-00814 - 17                                          701 5th Avenue, Suite 2100
                                                                               Seattle, WA  98104
                                                                               Telephone: (206) 695-5100
                                                                               Facsimile: (206) 689-2822

*Industrial Kiln & Dryer Group, Inc. v. Ash Grove Cement Company*

USDC WAWD Case No. 2:23-cv-00814-RAJ

<u>Exhibit A</u>: Document Production Format

Production Specs:

| | |
|---|---|
| Images | Single-page, 300 DPI, Group IV TIFFs |
| Color | Single page, 300 DPI, 24-bit JPGs, Native File, pdf files |
| Text | Multi-page TXT files |
| Loadfiles | DAT and OPT |
| Encoding (Text and Loadfiles) | UTF-8 |
| Bates Number Position | Lower right/ page level |
| Confidentiality Position (if applicable) | Lower left/ page level |
| Native Files and Slip Sheets | Bates # -- File Provided Natively |

Metadata Fields:

| | |
|---|---|
| PRODBEG | Beginning Production Bates |
| PRODEND | Ending Production Bates |
| PRODBEGATT | Beginning Production Bates of the parent document |
| PRODENDATT | Ending Production Bates of the last attached file to the |
| CUSTODIAN | User-assigned custodian |
| DUPLICATE | **Additional custodians for any duplicate documents (the "all** custodian/additional custodian is already listed but duplicate custodian may be more viewer-friendly). |
| PAGES | Page count of produced images |
| PARENTID | PRODBEG of parent record. |
| ATTACHID | Concatenated list of attachment/child [StartingBatesNumber] values delimited with "; " (semicolon space). Populated for parent records only. |
| ATTACHLIST | Concatenated list of attachment [Relativity].[FILENAME] values delimited with "; " (semicolon space). Populated for parent records only. |
| MD5HASH/SHAI | MD5Hash 128-bit encryption/SHAI 160-bit encryption |
| FILEDESC | File type description |
| FILESIZE | File size |
| FILENAME | File name of the native file |
| NATIVEPATH | Original folder structure of ESI file |
| DOCEXT | File extension |
| AUTHOR | Author field extracted from the metadata of the native file |
| DATECREATED | Date and time from the Date Created property of the native |
| DATELASTMOD | Date and time from the Modified property of the document, representing date last saved |
| LAST MODIFIED BY | Name of last modifier (optional) |

| REVISION | Revision history (optional) |
|---|---|
| SUBJECT | Subject of the e-mail message |
| FROM | Author of the e-mail message |
| TO | Main recipient(s) of the e-mail message |
| CC | Recipients of "carbon copies" of the e-mail message |
| BCC | Recipients of "blind carbon copies" of the e-mail message |
| DATESENT | Sent date and time of an e-mail message |
| DATERCVD | Received date and time of an e-mail message |
| CONFIDENTIALITY | Protective order designation (as endorsed on production images) |
| TEXTPATH | Link to the text file named by PRODBEG |
| REDACTED | Field contains "yes" when document contains redactions. Field contains "no" when no redactions have been made. |
| NATIVEFILE | Link to the native file named by PRODBEG |