UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDUSTRIAL KILN and DRYER GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> ASH GROVE CEMENT COMPANY, <br><br> Defendant. | CASE NO. C23-0814-KKE <br><br> ORDER DENYING IN PART AND GRANTING IN PART LEAVE TO FILE OVER-LENGTH BRIEFS |

This matter comes before the Court on Plaintiffs' motion for leave to file two over-length briefs: first, an over-length combined opposition to Defendant's motion for summary judgment and cross-motion for summary judgment; and second, an over-length "affirmative" motion for summary judgment. Dkt. No. 50. Plaintiff states that it intends to file both briefs on the same day. *Id.* at 2. The cross-motion for summary judgment will address Plaintiff's breach of contract and duty of good faith claims. *Id.* It is less clear what claims or issues the "affirmative" summary judgment motion will address.

Under the Local Civil Rules, "[a]bsent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." W.D. Wash. Local Civ. R 7(e)(4). "The rule promotes judicial efficiency, but also prevents shrewd

ORDER DENYING IN PART AND GRANTING IN PART LEAVE TO FILE OVER-LENGTH BRIEFs - 1

advocates from circumventing the word limits for dispositive motions." *Jha v. Chicago Title Ins. Co.*, No. 2:23-CV-00584, 2023 WL 5015617, at *1 (W.D. Wash. Aug. 7, 2023); *see also O'Donnell/Salvatori Inc. v. Microsoft Corp.*, No. C20-882-MLP, 2022 WL 220543, at *1 (W.D. Wash. Jan. 25, 2022) ("The page limits would be meaningless if parties could file multiple motions for summary judgment.").

Because this Rule does not permit a motion for summary judgment to be contemporaneously filed with a cross-motion for summary judgment, courts typically strike such motions. *See Jha*, 2023 WL 5015617, at *2; *Waste Action Project v. Girard Res. & Recycling LLC*, No. 2:21-CV-00443-RAJ-GJL, 2024 WL 3252410, at *1 (W.D. Wash. Mar. 25, 2024). Plaintiff has not shown good cause to deviate from the Rule. And the Court finds that Plaintiff's proposal—which, by default, would result in nine separate and likely duplicative briefs (i.e., three motions for summary judgment, three response briefs, and three replies)—would be wasteful of the parties' and the Court's resources. Accordingly, the Court will not grant Plaintiff's motion to file two over-length briefs that violate Local Rule 7(e)(4).

However, Defendant has indicated that it does not, in principle, oppose Plaintiff's request for an additional 2,500 words for each of its proposed briefs. Dkt. No. 52. Accordingly, the Court will grant Plaintiff an additional 5,000 words for a <u>single</u> cross-motion for summary judgment addressing all of the issues Plaintiff intended to address in its two proposed motions. Pursuant to Local Civil Rule 7(f)(4), Defendant shall have an additional (a) 2,500 words for its reply in support of its motion for summary judgment and (b) 5,000 words for its opposition to Plaintiff's cross-motion for summary judgment. Plaintiff's reply in support of its cross-motion for summary judgment "shall not exceed one-half the total length of [Defendant's] brief filed in opposition." W.D. Wash. Local Civ. R 7(f)(4).

ORDER DENYING IN PART AND GRANTING IN PART LEAVE TO FILE OVER-LENGTH BRIEFs - 2

Absent a contrary agreement by the parties, Defendant's motion for summary judgment and Plaintiff's cross-motion for summary judgment will each be briefed in accordance with Local Civil Rule 7(d)(4).  *See* W.D. Wash. Local Civ. R. 7(k) ("A party filing a cross motion must note it in accordance with the local rules.").  Pursuant to Rule 7(k), the parties are also "encouraged to agree on a briefing schedule and to submit it to the court for approval through a stipulated motion and proposed order."

Recognizing Plaintiff's briefs are due today, the Court will permit Plaintiff additional time in which to file its cross-motion so that its filing will comport with the local rules and this order. In the event the parties are unable to agree on a briefing schedule, Plaintiff may file a motion for extension of time no later than February 24, 2026.

Dated this 23rd day of February, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING IN PART AND GRANTING IN PART LEAVE TO FILE OVER-LENGTH BRIEFs - 3